UNITED STATES DISTRICT COURT
Eastern District Of New York

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JUN 12 2006  ★

LONG ISLAND OFFICE

Percy T. McAfee III, Plaintiff

(S.F.)

V.

Law Firm of Forster & Garbus, Defendant
Edward J. Damsky, Esq., Co-Defendant
Robert A. Meyerson, Esq., Co-Defendant
Jacques Nazaire, Esq., Co-Defendant

COMPLAINT

PLAINTIFF DEMANDS TRIAL BY JURY

Case Number:

GARAUFIS, J.
LINDSAY, M.

1. At all times hereinafter mentioned, plaintiff was and still is a resident of Suffolk County, State of New York.

2. Defendant, Law Firm of Forster & Garbus, has a main office at 500 Bi-County Blvd. Suite 300, West Wing, Farmingdale, NY 11735-3931

3. Co-Defendant, Jacques Nazaire, Esq., is an associate lawyer of Forster & Garbus, at 500 Bi-County Blvd. Suite 300, West Wing, Farmingdale, NY 11735-3931

4. Co-Defendant, Robert Meyerson, Esq., is an associate lawyer of Forster & Garbus, at 500 Bi-County Blvd. Suite 300, West Wing, Farmingdale, NY 11735-3931

5. Co-Defendant, Edward J. Damsky, Esq., is an associate lawyer of Forster & Garbus, at 500 Bi-County Blvd. Suite 300, West Wing, Farmingdale, NY 11735-3931

## JURISDICATION

6. The jurisdiction of this court is invoked pursuant to Federal Law, violation of statutes:

    - 15 USC §1692e, (8 counts)

## 1st CAUSE OF ACTION
## VIOLATION OF FEDERAL STATUTES

7. June, 2004, Forster & Garbus entered a civil action, representing Citibank, against plaintiff at the 2nd District Court, Babylon, Suffolk County, New York, Index #1599/04

8. September, 2004, Forster & Garbus discontinued the action, Index #1599/04

9. October, 2004, Forster & Garbus entered a second civil action, representing Citibank, for the same alleged account, in the Suffolk County Supreme Court, Index # 23669/04

10. January 31, 2005, plaintiff mailed, certified/return receipt, defendant Forster & Garbus an Interrogatory, in regard to court action 23669/04, requesting it be answered.

11. Defendant failed to answer the Interrogatory.

12. August 19, 2005, plaintiff mailed, certified/return receipt, a second request to defendant, Forster & Garbus, to answer the Interrogatory in question allowing them an additional 20 days. An additional copy of the letter was sent FedEx on August 25, 2005.

13. Failure to disclose information is deceptive.

14. As of the date of this summons and complaint, defendant, Forster & Garbus, has failed to answer the Interrogatory in **violation of 15 USC §1692e (1 count)**.

15. On March 6, 2006, plaintiff received a Request for Preliminary Hearing accompanied with a Request for Judicial Intervention, in regard to court action 23669/04, from defendant, Forster & Garbus.

16. Co-Defendant Robert A. Meyerson signed the Request for Judicial Intervention, dated July 29, 2005.

17. Co-Defendant Edward J. Damsky signed the Request for Preliminary Hearing, dated March 3, 2006.

18. At the bottom of the Request for Judicial Intervention is a section inquiring about related cases. Mr. Meyerson stated that "there are and have been no related actions or proceedings" and signed the document under penalty of perjury.

19. There was a prior action.

20. A prior action is a related case.

21. Failure to disclose information about the prior action is misrepresentation of the facts.

22. Misrepresentation is a deceptive act. It is a **violation of 15 USC §1692e (1 count)**.

23. Mr. Meyerson perjured himself when he signed the Request for Judicial Intervention.

24. Perjury is a deceptive act. It is a **violation of 15 USC §1692e (1 count)**.

25. The legal document represented by Mr. Meyerson was not submitted to the court.

26. Submitting that document (Request for Judicial Intervention) to the plaintiff as a legal document without submitting it to the court is misrepresentation of legal documents.

27. Misrepresentation is a **violation of 15 USC §1692e (1 count)**.

28. The document represented by Mr. Damsky, the Request for Preliminary Hearing, is a legal document.

29. The legal document represented by Mr. Damsky was not submitted to the court.

30. Submitting that document (Request for Preliminary Hearing) to the plaintiff as a legal document without submitting it to the court is misrepresentation of legal documents.

31. Misrepresentation is a **violation of 15 USC §1692e (1 count)**.

32. April 17, 2006, plaintiff received a Motion for Summary Judgment accompanied with a Request for Judicial Intervention, in regard to court action 23669/04.

33. Co-Defendant Jacques Nazaire signed both documents.

34. At the bottom of the Request for Judicial Intervention is a section inquiring about related cases. Mr. Nazaire stated that "there are and have been no related actions or proceedings" and signed the document under penalty of perjury.

35. There was a prior action.

36. A prior action is a related case.

37. Failure to disclose information about the prior action is misrepresentation of the facts.

38. Misrepresentation is a deceptive act. It is a **violation of 15 USC §1692e (1 count)**.

39. Mr. Nazaire perjured himself when he signed the Request for Judicial Intervention.

40. Perjury is a deceptive act. It is a **violation of 15 USC §1692e (1 count)**.

41. The Motion for Summary Judgment, submitted by Mr. Nazaire, contained a piece of evidence labeled "Affidavit of Service, Exhibit E" that was intended to be proof that the plaintiff was properly served a summons and complaint in regard to court action 23669/04.

42. Plaintiff never saw the affidavit prior to April 17, 2006.

43. The affidavit was not notarized nor signed by the process server.

44. The affidavit makes the claim that the summons and complaint was handed to a female resident named Jenifer McAfee at the residence at 230 E. Montauk Hwy., Hampton Bays NY.

45. The address in question is not a residence, nor could it be mistaken for one, it is a business address.

46. It is also the legal mailing address of plaintiff.

47. No one resides at the address in question.

48. Plaintiff has no relatives named Jenifer.

49. Plaintiff is male.

50. Plaintiff has no co-workers, partners or employees.

51. The document is fraudulent.

52. Fraud is meant to deceive.

53. Who committed the fraud is unknown to plaintiff.

54. The law of agency puts the blame on the shoulders of defendant, Forster & Garbus, in **violation of 15 USC §1692e (1 count).**

## 2nd CAUSE OF ACTION

55. Defendants' deliberate acts of misrepresentation and deception have caused plaintiff actual damages in the form of mental duress and distress.

56. Plaintiff, as a result, has suffered from sleeplessness, nightmares, headaches and difficulty concentrating.

57. Plaintiff, as a result takes little interest in hobbies, reading, movies or TV.

58. Plaintiff has suffered a decreased ability to function fully at work or perform tasks relative to home life.

## 3rd CAUSE OF ACTION

59. Plaintiff seeks punitive damages, claiming that the intent of the FDCPA is to eliminate abusive practices of debt collectors.

60. Defendants listed in this action are not just debt collectors; they are officers of the court.

61. Defendants' deliberate acts of misrepresentation and deception show disrespect for the court system.

62. Punitive damages awarded set an example to other collection attorneys.

63. Wherefore, plaintiff demands, as relief:

- Statutory damages in the amount of **$8,000.00**, total.

- Punitive damages in the amount of **$10,000.00**, total.

- Actual damages in the amount of **$50,000.00**, total.

- For a total of **$68,000.00**, in damages.

- All court costs incurred to prosecute this action shall be added to the total of damages.

- Any further relief that the court deems appropriate.

*Percy T. McAfee III, 6-12-06*
Percy T. McAfee III
230 E. Montauk Hwy.
Hampton Bays, NY 11946
631-728-2929