UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PERCY T. McAFEE III,

                Plaintiff,              Case No.: 06-CV-2925 (NGG) (LG)

     - against -

                                      **ANSWER**

LAW FIRM OF FORSTER & GARBUS,
EDWARD J. DAMSKY, ESQ.,
ROBERT MEYERSON, ESQ. and
JACQUES NAZAIRE, ESQ.

                Defendants.
----------------------------------------------------------X

FORSTER & GARBUS, ESQS., EDWARD J. DAMSKY, ESQ. and JACQUES NAZAIRE, ESQ., (hereinafter "Defendants") as and for their Answer to the Complaint of PERCY T. McAFEE, (hereinafter "Plaintiff"), state as follows:

    1.    Deny each and every allegation contained in Paragraphs numbered "4", "13", "14", "21", "22", "23", "24", "25", "26", "27", "29", "30", "31", "37", "38", "39", "40", "41", "42", "43", "45", "51", "54", "55", "56", "57", "58", "59", "61", and "62" of the complaint.

    2.    Deny information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs "6", "20", "36", "43", "47", "48", "50", "52" and "53" of the complaint and refers all questions of law to the Court.

    3.    Deny the allegations contained in Paragraph numbered "60", except admit that Defendants are officers of the court and refer all questions of law to the Court.

    4.    Deny the allegations incorporated in the paragraph numbered "63" as it relates to the allegations set forth in the complaint.

## FIRST AFFIRMATIVE DEFENSE

    5.    In the event that the Court finds that Defendant(s) have violated USA 1692 et. seq, that violation is a bona fide error as defined in the statute.

## SECOND AFFIRMATIVE DEFENSE

6. The Complaint fails to state a claim upon which relief may be granted against Defendants.

## THIRD AFFIRMATIVE DEFENSE

7. Plaintiff's damages, if any, suffered by reason of the matters alleged in the complaint are the direct and proximate results of the acts and/or admissions of person(s) other than Defendants and for whose conduct Defendants cannot be held liable; and/or result from intervening causes for which Defendants are not responsible.

## FOURTH AFFIRMATIVE DEFENSE

8. Plaintiff has failed to take reasonable measures to avoid, minimize, or mitigate his damages, if any, suffered by reason of the matters alleged in the Complaint including, but not limited to, use of the procedures provided in 15 U.S.C. §§ 1681 – 1681x.

## FIFTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims against Defendants are barred in whole or part, by the applicable statutes of limitations, including but not limited to 15 U.S.C. § 1681p.

## SIXTH AFFIRMATIVE DEFENSE

10. Defendants have complied with all its duties owed to Plaintiff under the Federal Fair Credit Reporting Act 15 U.S.C. §§ 1681 – 1681– 1681x.

## SEVENTH AFFIRMATIVE DEFENSE

11. This Court lacks subject matter jurisdiction over the primary claims herein.

## EIGHTH AFFIRMATIVE DEFENSE

12. Plaintiff is not entitled to recover exemplary or punitive damages from Defendant under the provisions of 15 U.S.C. §§ 1681 – 1681x, and any claims for recovery of exemplary or punitive damages from Defendants under other law are preempted by 15 U.S.C. §§ 1681 – 1681x.

### NINTH AFFIRMATIVE DEFENSE

13.     Defendant's actions with respect to Plaintiff, if any, were privileged.

### TENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's right to recovery against Defendant is barred and/or any recovery to which Plaintiff might otherwise be entitled must be reduced by Plaintiffs contributory and comparative negligence.

### ELEVENTH AFFIRMATIVE DEFENSE

15.     Plaintiffs' expressed or impliedly consented to Defendant's conduct towards Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

16.     Plaintiffs' actions may constitute a waiver of any right or remedy.

### THIRTEENTH AFFIRMATIVE DEFENSE

17.     Defendant acted reasonably and in good faith with respect to Plaintiff at all material times based upon all relevant facts and circumstances known by Defendant at the times it acted.

### FOURTEENTH AFFIRMATIVE DEFENSE

18.     Any award of exemplary or punitive damages against Defendant in this action would violate Defendant's rights under the Due Process and Excessive Fines clause of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United State Constitution and any analogous clauses of the Constitution of the State of New York.

### FIFTEENTH AFFIRMATIVE DEFENSE

19.     Defendant's actions with respect to Plaintiff, if any, are protected under the doctrine of litigation immunity.

**PLEASE TAKE FURTHER NOTICE**, that Defendant reserves the right to assert any other additional defenses which may become known or available to it during the pendency of this action.

**WHEREFORE**, having fully answered the Verified Complaint of Plaintiff, Percy T. McAfee, Defendants herein demand that all claims in this action asserted against it be dismissed, with prejudice, at Plaintiffs' costs, and that Defendant be awarded such other and further relief to which it may be entitled.

Dated: Farmingdale, New York
June 23, 2006

Yours, etc.,

_____
By: Jacques Nazaire (JN-0784)
Forster & Garbus
Attorneys for Defendants,
Law Firm of FORSTER & GARBUS,
EDWARD J. DAMSKY, ESQ. and
JACQUES NAZAIRE, ESQ.
500 Bi-County Blvd.
P.O. Box 9030
Farmingdale, New York 11735-9030
(631) 393-9400
Fax No.: (631) 393-9490
Email: jnazaire@fgny.com

TO:   PERCY T. McAFEE, III
      Plaintiff- Pro Se
      230 East Montauk Hwy
      Hampton Bays, NY 11946
      (631) 728-2929

## ATTORNEYS' VERIFICATION

The undersigned state that we are attorneys duly admitted to practice law in the Courts of the State of New York and the United States Eastern District Court of New York and are associated with the law firm of FORSTER & GARBUS, and are verifying this ANSWER on behalf of the law firm of Forster & Garbus, Edward J. Damsky, Esq. and Jacques Nazaire, Esq; that we have read the foregoing ANSWER and know the contents thereof and that the same is true to our own knowledge, except as to those matters therein alleged to be upon information and belief; as to those matters we believe them to be true. All matters not stated upon personal knowledge are stated based upon the documents in the firm's possession.

Dated: Farmingdale, New York
       June 30, 2006

_____
JACQUES NAZAIRE, ESQ.


_____
EDWARD J. DAMSKY
a/a/f Edward J. Damsky, Esq.
and as Managing Attorney for
the law firm of Forster & Garbus

AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF NASSAU   )

    **JODI EKBERG,** being duly sworn deposes and says:

I am not a party to the within action, am over 18 years of age, and reside in the County of Nassau, State of New York.

On June 30, 2006, I served a true copy of the within ANSWER by mailing same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the United States Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

    PERCY T. McAFEE, III
    Plaintiff- Pro Se
    230 East Montauk Hwy
    Hampton Bays, NY 11946

_____
JODI EKBERG

Sworn to before me this
30th day of June, 2006.

_____
Notary Public

JACQUES NAZAIRE
Notary Public, State of New York
No. 02NA5075258
Qualified in Kings County
Commission Expires 3/3/07

Index No 2925 CV (NGG)(LG)   Year 2006   RJI No.   Hon.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PERCY T. MCAFEE III,
        Plaintiff,

-against-

LAW FIRM OF FORSTER & GARBUS
EDWARD J. DAMSKY, ESQ.
ROBERT A. MEYERSON, ESQ.
JACQUES NAZAIRE, ESQ.,
        Defendant(s).

## ANSWER

**FORSTER & GARBUS**
*Attorneys for* **Defendant(s)**
*Office and Post Office Address, Telephone*
**500 BI-COUNTY BOULEVARD
P.O. BOX 9030
FARMINGDALE, NEW YORK 11735
(631) 393-9400**

To

Signature (Rule 130-1.1-a)

...........................................
Print name beneath

Attorney(s) for

Service of a copy of the within                                                                 is hereby admitted.

Dated,

...........................................
Attorney(s) for

Please take notice
☐ NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF SETTLEMENT
that an order                                                  of which the within is a true copy will be presented for
settlement to the HON.                                                                           one of the judges
of the within named court, at
on                              at                    M

Dated,
                                                                                        Yours, etc.

                                                                  **FORSTER & GARBUS**