**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
PERCY T. McAFEE III,

                 Plaintiff,            Case No.: 06-CV-2925 (NGG) (LB)

   - against -

LAW FIRM OF FORSTER & GARBUS, Defendant
EDWARD J. DAMSKY, ESQ., Co-Defendant,
ROBERT MEYERSON, ESQ., Co-Defendant, and
JACQUES NAZAIRE, ESQ., Co-Defendant,

                Defendants.
-----------------------------------------------------------X

## NOTICE OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

      **PLEASE TAKE NOTICE** that upon the accompanying, affidavit, memorandum of law  and

statement of facts, dated January 7, 2007, and upon the pleadings and all prior papers by and between

the parties of this action, the Defendants, by their attorneys shall move this Court, Hon. Nicholas J.

Garaufis, U.S.D.J., at a date and time to be set by this court, for an order pursuant to Rule 56, granting

summary judgment in favor of Defendants, Law Firm of Forster & Garbus, Edward J. Damsky, Esq.

and Jacques Nazaire, Esq., together with such other and further relief that this court deems just and

equitable.

       **PLEASE TAKE FURTHER NOTICE**, that opposition papers are due on February 8, 2007.

Dated:  Farmingdale, New York
         January 7, 2007

                             Yours, etc.

                             By: Jacques Nazaire (JN-0784)
                             Attorney(s) for Defendants,
TO:    PERCY T. McAFEE, III             LAW FIRM OF FORSTER & GARBUS,
         230 East Montauk Hwy            EDWARD J. DAMSKY, ESQ. and
         Hampton Bays, NY 11946          JACQUES NAZAIRE, ESQ.
         (631) 728-2929                    500 Bi-County Blvd., P.O. Box 9030
         Plaintiff Pro Se                   Farmingdale, New York 11735-9030
                                   (631) 393-9400
                                   Email: jnazaire@fgny.com

         Robert A. Meyerson, Esq.
         1613 Blenheim Road
         Rockville Center, NY 11570
         (516) 849-9893

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PERCY T. McAFEE III,

               Plaintiff,             Case No.: 06-CV-2925 (NGG) (LB)

   - against -

LAW FIRM OF FORSTER & GARBUS, Defendant,
EDWARD J. DAMSKY, ESQ., C0-Defendant,
ROBERT MEYERSON, ESQ. Co- Defendant, and
JACQUES NAZAIRE, ESQ., Co-Defendant,

               Defendants.
-------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Jacques Nazaire, Esq. (JN-0784)
Attorneys for Defendant(s)
Law Firm of FORSTER & GARBUS,
EDWARD J. DAMSKY, ESQ. and
JACQUES NAZAIRE, ESQ
500 Bi- County Blvd., P.O. Box 9030
Farmingdale, New York 11735-9030
(631) 393-9400

Dated: Farmingdale, New York
       January 7, 2007

## TABLE OF CONTENTS

Table of Authorities………………………………………………………………………… ..4

Introduction…………………………………………………………………...……………5

A.   Relevant Procedural History……………………………………………………………5
B.   Standard of Review………………………………..………………………………………6
C.   Fair Debt Collection Practice Act….………………………………………………………7

POINT I:     Defendants' alleged failures to respond to discovery are not acts covered under 15
             U.S.C. § 1692e………………………………………………………………...………..8

POINT II.    The Statements listed in the "R.J.I" Do not tantamount to a FDCPA violation pursuant
             to 15 USC 1692e……………………………………………………………………...9

POINT III    Plaintiff's Responses To Interrogatories have demonstrated that he is not entitled to
             damages………………………………………………………………………………10

POINT IV     Defendants have submitted evidence demonstrating that Edward J. Damsky did file and
             submit a P.C. request with the State Supreme Court and thus did not engaged in false
             practices as alleged by Plaintiff……………………………………………………10

CONCLUSION………………………………………………………………………………11

CERTIFICATE OF SERVICE…………………………………………………………………12

## TABLE OF AUTHORITIES

**SUPREME COURT CASES**

Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).                                    P6

**CIRCUIT COURT CASES**

Anthes v. Transworld Systems, Inc., 765 F.Supp. 162 (D. Del. 1991).                     P9

Delaware & Hudson Ry.CO. v. Consolidated Rail Corp. 902 F.2d 174, 178 (2d Cir. 1990)    P6

Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994)                     P9

Goldman v. Cohen, 445 F3d 152, 156 (2nd Cir. 2006).                                     P8

Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996).                          P7

Littles v. Lieberman.  90 B.R. 700 (E.D. Pa. 1988);                                     P9

Lower Brule Sioux Tribe v. State of S.D., 104 F.3d 1017, 1021 (8th Cir. 1997).          P6

Pickett v. RTS Helicopter, 28 F.3d. 925, 928 (5th Cir, 1997).                           P7

Viola v. Philips Med. Sys. Of N. Am. 42 F3d 12, 716 (2d Cir. 1994);                     P. 6

**FEDERAL RULES AND REGULATIONS**

Fed. R. Civ. P. 56(e): P6

FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692(e)                                   P. 5

MISCILANEOUS

Federal Trade Commission--Statements of General Policy or Interpretation Staff Commentary on the
Fair Debt Collection Practices Act, 53 Fed.Reg. 50097, 50100 (1988)                     P.9

**JACQUES NAZAIRE,** an attorney duly admitted to practice law in the United States District Court, Eastern District of New York certifies the following to be true under information and belief and states:

I am the attorney for, Defendants, Law Firm of Forster & Garbus, Edward J. Damsky, Esq. and Jacques Nazaire, Esq. (hereinafter "Defendants"), and as such I am fully familiar with the facts and circumstances herein.

## INTRODUCTION

This is an action by Plaintiff against Defendants for alleged violations of Fair Debt Collection Practices Act (FDCPA) under 15 U.S.C. § 1692e. Plaintiff alleges that Defendants violations include 1) failing to respond to his interrogatories; 2) stating that "there have been no related actions or proceedings" in their submission of legal documents in State Court; 3) submitting a request for a preliminary conference to him without submitting the same to the court. Defendant hereby submits that Plaintiff has failed to establish a genuine issue of material fact to establish violation of the FDCPA as defined by 15 U.S.C. § 1692e.

## A.    RELEVANT PROCEDURAL HISTORY

In 2004, Defendant, Law Firm of Forster and Garbus (F&G) commenced a breach of contract action in Suffolk County District Court against Mr. McAfee on behalf of its client, Citibank (please refer to statement of facts).  McAfee moved to dismiss the lower court action alleging that he did not reside in the within district. The lower district court action was dismissed without prejudice by Judge Barton. Shortly thereafter, F&G commenced an action in the Suffolk County State Supreme Court against Mr. McAfee.

F&G on behalf of their client, sought to recover from Mr. McAfee monies in the amount of Twelve Thousand Three Hundred and Seventy-Five Dollars and Sixty-Three Cents ($12,375.63), together with interest, costs and disbursements incurred in connection with that action. Summary Judgment was awarded to F&G's client in the State action.

In this instant action, Mr. McAfee alleges violations of the FDCPA, in particular, 15 U.S.C. § 1692e. He seeks statutory, actual and punitive damages. The evidence submitted in Defendants' statement of facts clearly demonstrate that, the underlying state actions, which F&G litigated against Mr. McAfee were litigated pursuant to the Civil Practice Laws and the Rules of the State of New York and that Defendant did not violate the FDCPA. There are no issues of material facts that need be determined. The factual allegations in this case at bar relate to legal pleadings. This case comes down to the legal issue as to of whether or not, Mr. McAfee has submitted any documents, previously presented by Defendants herein, that are false, deceptive and/or misleading as defined by 15 U.S.C. 1692(e). Defendants respectfully submit that their alleged actions cannot be construed to be FDCPA violations because while legal pleadings may be covered under 15 U.S.C. 1692g, the same are not covered under 15 U.S.C. 1692(e). Furthermore, Plaintiff has submitted no evidence to prove that Mr. Damsky failed to submit a response to a preliminary conference to the State Court. Therefore, it is respectfully submitted that Plaintiff in his complaint has failed to present any material issues of facts that establish an FDCPA violation.

**B.    STANDARD OF REVIEW**

Summary Judgment pursuant to Federal Rules of Civil Procedure 56 is appropriate where admissible evidence in the form of affidavits, deposition transcripts or other documentation demonstrates the absence of a genuine issue of material facts, and one party's entitlement to judgment as a matter of law. See Viola v. Philips Med. Sys. Of N. Am. 42 F3d 12, 716 (2d Cir. 1994); Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

Once the moving party has met this burden, the non-moving party may not rest on the allegations of the pleadings but must set forth specific facts by affidavit or other evidence showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Lower Brule Sioux Tribe v. State of S.D., 104 F.3d 1017, 1021 (8th Cir. 1997). To defeat a motion for summary judgment the non-movant must present more than a scintilla of evidence, Delaware & Hudson Ry.CO. v. Consolidated Rail Corp. 902

F.2d 174, 178 (2d Cir. 1990) and cannot rely on the allegations in his or her pleadings conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996).

The district court considering a summary judgment motion must also be "mindful of the underlying standards and burdens of proof". Pickett v. RTS Helicopter, 28 F.3d. 925, 928 (5th Cir.1997).

## C. FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692(e)

Under 15 U.S.C. Sec. 1692e collectors may not use false, deceptive or misleading representations in connection with the collection of a debt (15 U.S.C. Sec. 1692e).

§ 807.  **False or misleading representations**  [15 USC 1692e]
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

(2) The false representation of --

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to --

(A) lose any claim or defense to payment of the debt; or

(B) become subject to any practice prohibited by this title.

(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that **this paragraph shall not apply to a formal pleading made in connection with a legal action.**

(12) The false representation or implication that accounts have been turned over to innocent purchasers for value.

(13) The false representation or implication that documents are legal process.

(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

(15) The false representation or implication that documents are not legal process forms or do not require action by the consumer.

(16) The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 603(f) of this Act.

## POINT I.   DEFENDANTS'S ALLEGED FAILURES TO RESPOND TO DISCOVERY ARE NOT ACTS COVERED UNDER 15 U.S.C. §1692e.

Mr. McAfee alleges that Defendant's failure to respond to what he labeled as "interrogatories" is in essence misrepresentation. Contrary to Plaintiff's assertion, failure to respond to discovery is clearly not misrepresentation under 15 U.S.C. 1692e. The interrogatories mailed by Mr. McAfee were not submitted in the proper form and as such it was reasonable for F&G not to respond to those demands. However, even if McAfee's allegations are taken as true, failure to respond to discovery does not fall under any of the aforementioned acts listed within 15 USC 1692e. Providing or not providing discovery is clearly a matter subject to the procedural rules of the State Courts and covered under the CPLR and not one of " false, misleading" or "deceptive" communications as required by 15 U.S.C. Sec.1692(e). See Goldman v. Cohen, 445 F3d 152, 156 (2nd Cir. 2006).

Furthermore, Mr. McAfee has presented no evidence to suggest that Defendant's committed acts that were "false", "misleading" or "deceptive"

**POINT II.    THE STATEMENTS LISTED ON THE "RJI" DO NOT TANTAMOUNT TO A**

**FDCPA VIOLATION PURSUANT TO 15 U.S.C. § 1692e.**

The request for Judicial Intervention (RJI) filed by Defendant's stating  "there are no related actions" is not a violation under1692e. It was obvious that Defendant's statements submitted in "boiler plate" form were not made to mislead, abuse or deceive the Plaintiff herein. Also as Exhibit "D" annexed to Defendant's statement of facts will demonstrate, any filings of the RJI was prompted by the request of the court and not by the desire to mislead Mr. McAfee. Mr. McAfee has presented no evidence to rebut the same. He has presented no evidence to demonstrate that Defendants attempted to deceive him. As to the legal aspect of the statements, the same cannot be deceptive and/or misleading under 15 U.S.C. 1692 (e). "Attorneys or law firms that engage in traditional debt collection activities (sending dunning letters, making collection calls to consumers) are covered by the [Act], but *those whose practice is limited to legal activities are not covered.*" Federal Trade Commission--Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097, 50100 (1988) (emphasis added; footnote omitted).

This FDCPA also provides the appropriate venue in which any "legal action" to collect a debt must be brought.  "Legal action" is not limited to filing suit.  Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994) (affidavit for writ of garnishment). As such, the RJI filed by Defendants cannot be deceptive or misleading under 1692 (e). Furthermore, the RJI was filed in the Supreme Court action and even if the same was not, under 1692 (e), the same would not be a violation. As such the aforementioned allegations fail to establish a claim under U.S.C. 1692e.

 15 U.S.C. §1692(j) prohibits preparing and provided forms that will create a false impression that a person other than the creditor is involved in collecting the debt.  This is the only Section of the FDCPA that applies to any person and is not limited to a debt collector.  It applies to attorneys who designed deceptive form letters and not legal pleadings.  Littles v. Lieberman.  90 B.R. 700 (E.D. Pa. 1988); Anthes v. Transworld Systems, Inc., 765 F.Supp. 162 (D. Del. 1991).

**POINT III.   PLAINTIFF'S RESPONSES TO INTERROGATORIES HAVE
DEMONSTRATED THAT HE IS NOT ENTITLED TO DAMAGES**

Mr. McAffee's response to interrogatories fail to demonstrate any issues of material fact. When asked about whether Plaintiff requested information, in Interrogatory No.2, Mr. McAfee responded that "the request has nothing to do with the issues of this case".

When asked about his damages in interrogatories numbered "3" and "9" and, Mr. McAfee responds "read the complaint".

When asked about health care providers, Mr. McAfee responds "none" and when asked about headaches, Mr. McAfee answers "never".

When asked about malice or willful intent to injure which are necessary elements for punitive damages, McAfee answers that he is not making any such claims.

When questioned about actual damages in interrogatory Number "24", defendant states "none". As such, Plaintiff's causes of action for actual and punitive damages should be dismissed as well.

Based upon the facts and evidence Plaintiff has provided in his response to interrogatories, it is clear that there are no issues of material facts to be decided in this action.

**POINT IV    DEFENDANTS HAVE SUBMITTED EVIDENCE DEMONSTRATING THAT
EDWARD J. DAMSKY DID FILE AND SUBMIT A P.C. REQUEST WITH THE
STATE SUPREME COURT AND THUS DID NOT ENGAGE IN FALSE
PRACTICES AS ALLEGED BY PLAINTIFF**

Plainiff, McAfee alleges that Mr.Damsky submitted a request for a preliminary "hearing" (Conference) to Plaintiff and did not submit the same to the Court. It is respectfully submitted that such allegation is false and that there exist no issues of material fact as to Mr. Damsky's acts. Annexed with the statement of facts as Exhibit C. is the Request for Judicial Intervention (R.J.I.) and Request for Preliminary Conference (P.C.) submitted by Edward Damsky. In the lower right hand corner of the request for P.C. is a stamp stating "received, Supreme Court, Suffolk County, March 8, 2006". This submission is evidence that cannot be rebutted by Plaintiff and as such proves that Mr. Damsky did not misrepresent a legal document as alleged by Mr. McAfee and as such, that cause of action should be

dismissed.

## CONCLUSION

The Defendants have demonstrated that there exists no issues of material facts and Plaintiff has

failed to submit any documents evidencing violations of the FDCPA. Wherefore, Defendants seeks for

an order awarding summary judgment against Plaintiff.


Dated: Farmingdale, New York
      January 7, 2007


Yours, etc,

By: Jacques Nazaire, Esq. (JN-0784)
Attorneys for Defendants,
Law Firm of Forster & Garbus
Edward J. Damsky, Esq. and
Jacques Nazaire, Esq.
500 Bi-County Blvd., P.O. Box 9030
Farmingdale, New York 11735-9030
(631) 393-9400

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
PERCY T. McAFEE III,

                 Plaintiff,

           -against-

LAW FIRM OF FORSTER & GARBUS,
EDWARD J. DAMSKY, ESQ.,
ROBERT MEYERSON, ESQ. and
JACQUES NAZAIRE, ESQ.

                 Defendants.
-----------------------------------------------------------X

Case No.: 06-CV-2925 (NGG) (LG)

**AFFIDAVIT IN SUPPORT**
**OF DEFENDANTS' MOTION**
**FOR SUMMARY JUDGMENT**

Jacques Nazaire, Esq. being duly sworn deposes and says:

1.    That I am the attorney for the Defendants Law Firm of Farster & Garbus, Edward J. Damsky and Jacques Nazaire, and as such I am fully familiar with the facts and circumstances of this action as reflected in the file maintained by my office.

2.    I am also employed by the Law Firm of Forster and Garbus, familiar with its legal files and work directly with Mr. Edward J. Damsky.

3.    I submit this affidavit in support of Defendants', Law Firm of Forster & Garbus, Edward J. Damsky, Esq. and Jacques Nazaire, Esq., motion for Summary Judgment against Plaintiff.

4.    This is an action by Plaintiff wherein he alleges that Defendants violated the Fair Debt Collection Practices Act (FDCPA) because Defendants 1) failed to respond to interrogatories, 2) submitted a request for a preliminary hearing (conference) to him without submitting it to the Court and 3) filed an RJI with inaccurate statements.

5.    I have been working at the law firm of Forster & Garbus on the underlying state action since March of 2006.

6.     A note from the court lead me to believe that an RJI was not already filed and therefore, I had one filed.

7.     The statements on the RJI were made upon information and belief and as such were not misleading or deceptive pursuant to 15 USC 1692e.

8.     As an attorney, I understand that 15 USC 1692 applies to letter sent by debt collectors and do not apply to legal pleadings.

9.     A review of the file indicates that Edward J. Damsky did submit a Request for a Preliminary Conference with the Suffolk County Supreme Court after serving Mr. McAfee with the same. Therefore, Mr. McAfee's contentions contradicting the same should not stand.

10.    A review of the file indicates that the cause of action of F&G's, client, Citibank, had merit as demonstrated by the award of summary judgment rendered to Citibank against Mr. McAfee.

11.    A review of the file kept in my office indicates that the case was litigated pursuant to the CPLR. Mr. McAfee has submitted no evidence to contradict the same.

12.    Summary Judgment pursuant to Rule 56(c) should be granted when the moving party as met its burden of proof through " the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, … that there is no genuine issue as to any material fact …." FRD. R. Civ. P. 56(c); *Wernick v. Federal Reserve Bank of New York*, 91 F.3d 379, 382 (2d Cir. 1999).

13.    Plaintiff herein cannot sustain the causes of action that he has alleged.

14.    For the reasons stated herein, summary judgment must be granted to the Defendants herein.

**WHEREFORE**, it is respectfully requested that the Court issues an Order granting summary judgment in favor of Defendants and against Plaintiff Percy T. McAfee.

Dated:  Farmingdale, New York
         January 7, 2006

Yours, etc.,

By: Jacques Nazaire (JN-0784)

Sworn to before me this
7th day of January, 2007

SANDRA ESKENAZI
**Notary** Public, State of New York
No. 01ES6130696
**Qualified** in Nassau County
**Commission** Expires July 18, 2029

TO:      PERCY T. McAFEE, III
         230 East Montauk Hwy
         Hampton Bays, NY 11946
         (631) 728-2929
         Plaintiff Pro Se

         Robert A. Meyerson, Esq.
         1623 Blenkin Road
         Rockville Center, NY 11570

2925 CV (NGG) (LB) 2006

Index No. _____ Year _____

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RJI No. _____          Hon. _____

PERCY T. McAFEE III,

                    Plaintiff,

    - against -

LAW FIRM OF FORSTER & GARBUS, Defendant
EDWARD J. DAMSKY, ESQ., Co-Defendant,
ROBERT MEYERSON, ESQ., Co-Defendant, and
JACQUES NAZAIRE, ESQ., Co-Defendant,

                    Defendants.

## NOTICE OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, MEMORANDUM OF LAW AND AFFIDAVIT IN SUPPORT

## FORSTER & GARBUS

*Attorneys for* Defendants

*Office and Post Office Address, Telephone*
**500 BI-COUNTY BOULEVARD**
**P.O. BOX 9030**
**FARMINGDALE, NEW YORK 11735**
**(631) 393-9400**

To

Attorney(s) for

Signature (Rule 130-1.1-a)

..............................................................
Print name beneath

Service of a copy of the within                   is hereby admitted.

Dated,

..............................................................
Attorney(s) for

Please take notice
☐ <u>NOTICE OF ENTRY</u>
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ <u>NOTICE OF SETTLEMENT</u>
that an order                 of which the within is a true copy will be presented for
settlement to the HON.                     one of the judges
of the within named court, at
on                 at               M

Dated,

                              Yours, etc.

                          **FORSTER & GARBUS**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
PERCY T. McAFEE III,

                      Plaintiff,               Case No.: 06-CV-2925 (NGG) (LB)

   - against -

LAW FIRM OF FORSTER & GARBUS, Defendant
EDWARD J. DAMSKY, ESQ., Co-Defendant,
ROBERT MEYERSON, ESQ., Co-Defendant, and
JACQUES NAZAIRE, ESQ., Co-Defendant,

                      Defendants.
------------------------------------------------------------X

**NOTICE TO PRO SE LITIGANTS OPPOSING MOTION FOR SUMMARY JUDGMENT**

The defendants, Law Firm of Forster & Garbus, Edward J. Damsky, Esq. and Jacques Nazaire, Esq.
have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This
means that said defendants have asked the court to decide this case without a trial, based on written
materials, including affidavits, submitted in support of the motion. THE CLAIMS YOU ASSERT IN
YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO
THIS MOTION by filing your own sworn affidavits or other papers as required by Rule 56(e). An
affidavit is a sworn statement of fact based on personal knowledge that would be admissible in
evidence in trial. The full text of Rule 56 is attached.

     In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying
upon allegations in your complaint. Rather, you must submit evidence, such as witness statements and
documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any
witness statements, which may include your own statements, must be in the form of affidavits. You
may submit affidavits that were prepared specifically in response to defendant's motion for summary
judgment.

     Any issue of fact that you wish to raise in opposition to the motion for summary judgment must
be supported by affidavits or by other documentary evidence contradicting the facts asserted by the

defendant. If you do not respond to the motion for summary judgment on time with the affidavits or

documentary evidence contradicting the facts asserted by the defendant, the court may accept

defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a

trial.

       If you have any questions, you may direct them at the Pro Se Office.


Dated:  Farmingdale, New York
        January 7, 2007

                                             Yours, etc.,

                                             By: Jacques Nazaire (JN-0784)

TO:     PERCY T. McAFEE, III                        Attorney(s) for Defendants,
           230 East Montauk Hwy                  LAW FIRM OF FORSTER & GARBUS,
           Hampton Bays, NY 11946              EDWARD J. DAMSKY, ESQ. and
           (631) 728-2929                        JACQUES NAZAIRE, ESQ.
           Plaintiff Pro Se                       500 Bi-County Blvd.
                                             P.O. Box 9030
                                           Farmingdale, New York 11735-9030
                                           (631) 393-9400
                                         Fax No.: (631) 393-9490
                                         Email: jnazaire@fgny.com

           Robert A. Meyerson, Esq.
           1623 Blenkin Road
           Rockville Center, NY 11570
           (516) 849-9893

# Rule 56. Summary Judgment

### (a) For Claimant.

A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

### (b) For Defending Party.

A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

### (c) Motion and Proceedings Thereon.

The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

### (d) Case Not Fully Adjudicated on Motion.

If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

### (e) Form of Affidavits; Further Testimony; Defense Required.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest

Notes

Law
About ...
Civil
Procedure

upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

## (f) When Affidavits are Unavailable.

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

## (g) Affidavits Made in Bad Faith.

Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

**2925 CV (NGG) (LB) 2006**

Index No. _____ Year _____

**UNITED STATES DISTRICT COURT**
**EASTERN  DISTRICT OF NEW YORK**

RJI No. _____          Hon. _____

PERCY T. McAFEE III,

                    Plaintiff,

    - against -

LAW FIRM OF FORSTER & GARBUS, Defendant
EDWARD J. DAMSKY, ESQ., Co-Defendant,
ROBERT MEYERSON, ESQ., Co-Defendant, and
JACQUES NAZAIRE, ESQ., Co-Defendant,

                    Defendants.

## NOTICE TO PRO SE LITIGANTS OPPOSING
## MOTION FOR SUMMARY JUDGMENT

**FORSTER & GARBUS**
*Attorneys for* Defendants

*Office and Post Office Address, Telephone*
**500 BI-COUNTY BOULEVARD**
**P.O. BOX 9030**
**FARMINGDALE, NEW YORK 11735**
**(631) 393-9400**

To

Signature (Rule 130-1.1-a)

....................................................

Print name beneath

Attorney(s) for

Service of a copy of the within                                   is hereby admitted.

Dated,

....................................................

Attorney(s) for

Please take notice

☐ NOTICE OF ENTRY

that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order                              of which the within is a true copy will be presented for
settlement to the HON.                                      one of the judges
of the within named court, at
on                               at                     M

Dated,

                                          Yours, etc.

**FORSTER & GARBUS**
*Attorneys for*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
PERCY T. McAFEE III,

                   Plaintiff,            Case No.: 06-CV-2925 (NGG) (LG)

     - against -

LAW FIRM OF FORSTER & GARBUS,      **STATEMENT OF FACTS**
EDWARD J. DAMSKY, ESQ.,               **PURSUANT TO LOCAL**
ROBERT MEYERSON, ESQ. and           **RULE 56.1**
JACQUES NAZAIRE, ESQ.

                Defendants.
-----------------------------------------------------------X

### STATEMENT OF FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1.    Defendants by their attorney, Jacques Nazaire, Esq. as and for a statement of facts pursuant to Local Rule 56.1 states that following material facts are not subject to a genuine issue requiring trial.

2.    Forster & Garbus was retained by Citibank to pursue an action for breach of contract by Percy T. McAfee. Forster & Garbus is not employed as staff counsel for Citibank.

3.    On May 22, 2004, F&G, following the New York Civil Practice Law and Rules commenced an action against Percy T. McAfee in the Suffolk County Second District Court. See pleadings annexed as **Exhibit A.**

4.    McAfee alleged that he did not reside in the district wherein the action was commenced and made a motion to dismiss. F&G consented to the dismissal and on September 20, 2004, Judge Barton dismissed the case without prejudice.

5.    In October 6, 2004, F & G commenced a new action against McAfee in the Suffolk County Supreme Court. See Supreme Court pleadings with duly executed affidavit of service annexed as **Exhibit B**.

6.    Defendant McAfee demanded interrogatories from F&G.

7.   Defendant Edward Damsky believing that said interrogatories were improper, filed a request for Preliminary Conference (P.C.) in the Supreme Court in order to have the court set a discovery schedule in the case. Along with the request for a P.C., was a request for judicial intervention (R.J.I.), which, was previously signed by Mr. Meyerson, who was once employed by F&G. The Court's attention is directed to the fact that the same was clearly filed despite the Plaintiff's contention. See RJI and P.C. request annexed as **Exhibit C**.

8.   Mr. McAfee opposed the P.C. request.

9.   Mr. Nazaire, newly hired by the firm, moved for summary judgment in the State Supreme Court action. He received a notice from the court that an RJI would be required and therefore, Mr. Nazaire filed a request for RJI with the motion for summary judgment, although, an RJI was already filed with the Court. Please see notice from clerk and RJI signed by Mr. Nazaire, annexed as **Exhibit D**.

10.  On May 31, 2006, Summary Judgment was awarded to F&G's client, Citibank. See copy of order with notice of entry annexed as **Exhibit E**.

11.  Mr. McAfee, in an attempt to avoid paying the debt, commenced the action herein against F&G. See complaint annexed as **Exhibit F**.

12.  Defendant's herein have interposed an Answer which includes the affirmative defense that Plaintiff has failed to state a claim upon which relief can be granted. See Answer annexed as **Exhibit G**.

13.  Plaintiff has submitted a response to defendant F&G's Interrogatories and demand for production of documents which demonstrate no proof of statutory, actual or punitive damages. See Plaintiff's Response to Interrogatories and Production of documents annexed hereto as **Exhibit H**.

14.  There were no related actions at the time that F&G's employees filed the RJI's.

15.  F&G and its attorneys did not deceive and/or mislead McAfee.

16.    F&G and its attorneys have not violated 15 USC 1692 (e). Defendants as attorneys are well

informed that pleadings are not included under the provisions of 15 U.S.C. 1692 (e).

Dated: Farmingdale, New York
      January 7, 2007

Yours, etc.,

By: Jacques Nazaire (JN-0784)
Attorneys for Defendant,
LAW FIRM OF FORSTER & GARBUS, ESQS.
EDWARD J. DAMSKY, ESQ. and
JACQUES NAZAIRE, ESQ.
500 Bi-County Blvd., P.O. Box 9030
Farmingdale, New York 11735-9030
(631) 393-9400
Fax No.: (631) 393-9490
Email: jnazaire@fgny.com

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) SS.:
COUNTY OF SUFFOLK   )

      **JUDY KOWAL,** being duly sworn deposes and says:

      I am not a party to the within action, am over 18 years of age, and reside in the County of Suffolk, State of New York.

      On January   8  ,2007, I served a true copy of the with NOTICE OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, NOTICE TO PRO LITIGANTS OPPOSING MOTION FOR SUMMARY JUDGMENT AND, STATEMENTS OF FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 26 by mailing same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the United States Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

      PERCY T. MCAFEE, III
      230 East Montauk Hwy
      Hampton Bays, NY 11946

      Robert A. Meyerson
      1613 Blenheim Road
      Rockville Center, NY 11570

                                      _____
                                        JUDY KOWAL

Sworn to before me this
_____ day of January, 2007.

_____
Notary Public

                        SANDRA ESKENAZI
               Notary Public, State of New York
                   No. 01ES6130696
                Qualified in Nassau County
           Commission Expires July 18, 20__