UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────X

PERCY T. McAFEE, III,

        Plaintiff,

-against-                       MEMORANDUM & ORDER
                                         06-CV-2925 (NGG) (LB)
LAW FIRM OF FORSTER & GARBUS,
EDWARD J. DAMSKY, ESQ.,
ROBERT MEYERSON, ESQ.,
and JACQUES NAZAIRE, ESQ.

        Defendants.
─────────────────────────────X

NICHOLAS G. GARAUFIS, United States District Judge:

      Plaintiff Percy T. McAfee, III ("Plaintiff" or "McAfee"), proceeding *pro se*, brings this action under the Fair Debt Collection Practices Act ("FDCPA"), pursuant to 15 U.S.C. § 1692e, against Defendants Law Firm of Forster & Garbus ("Law Firm" or "Forster & Garbus"), and three attorneys currently or formerly employed by Forster & Garbus, Edward J. Damsky ("Damsky"), Robert A. Meyerson ("Meyerson"), and Jacques Nazaire ("Nazaire") (collectively "Individual Defendants"). Defendant Law Firm and the Individual Defendants represented Citibank, a non-party to this action,[1] in a 2004 New York State court debt collection action

───────────

[1] After Defendants' motions for summary judgment had been filed, Plaintiff sought leave to amend his Complaint inter alia to add Citibank as an additional defendant for violating the Fair Credit Reporting Act. (Docket Entry #15.) By Order dated January 29, 2007, Magistrate Judge Lois Bloom denied Plaintiff's motion to amend, holding that Plaintiff was clearly aware at the time of filing the Complaint that Citibank was the creditor who retained Defendant Law Firm to collect its debt against Plaintiff, that Plaintiff's proposed Amended Complaint would not withstand a motion to dismiss, and "allowing the amendment to add a new defendant plaintiff knew about all along would cause undue delay and prejudice to defendants." (Docket Entry #22.)

1

against Plaintiff. In the instant action, Plaintiff alleges that Defendants violated the FDCPA by (1) failing to respond to interrogatories in the state-court action, (2) submitting a request for a preliminary hearing to Plaintiff without submitting it to the state court, and (3) for filing a Request for Judicial Intervention ("RJI") with inaccurate statements, namely for stating that "there have been no related actions or proceedings." (Complaint ¶ 34.)

The court is now presented with two motions for summary judgment against Plaintiff, one by Meyerson and another by Defendants Law Firm, Damsky, and Nazaire. In support of his opposition, Plaintiff has submitted two separate affirmations that are virtually identical. (Docket Entries #25 & #28.) In both affirmations, Plaintiff occasionally references certain exhibits but in many instances goes for pages without citing to a single exhibit or piece of evidence. This Memorandum & Order, as detailed below, *sua sponte* grants Plaintiff sixty days leave to correct infirmities in his filings in opposition to Defendants' motions for summary judgment.

I.  **Discussion**

At the summary judgment stage, where, as here, the nonmovant bears the burden of proof at trial, "(1) the movant may point to evidence that negates its opponent's claims or (2) the movant may identify those portions of its opponent's evidence that demonstrate the absence of a genuine issue of material fact, a tactic that requires identifying evidentiary insufficiency and not simply denying the opponent's pleadings." Salahuddin v. Goord, 467 F.3d 263, 272-73 (2d Cir. 2006) (citations omitted). If the movant makes either showing, "the burden shifts to the nonmovant to point to record evidence creating a genuine issue of material fact," id. at 273 (citing Fed. R. Civ. P. 56(e)), and the nonmovant "cannot rest on allegations in the pleadings and must point to specific evidence in the record to carry its burden on summary judgment," id.

While *pro se* submissions must be construed liberally, see Haines v. Kerner, 404 U.S.

519, 520 (1972) (per curiam) (pro se pleadings held "to less stringent standards than formal pleadings drafted by lawyers"), a *pro se* litigant must nevertheless abide by these evidentiary requirements in order to withstand summary judgment, which means he "must offer some hard evidence showing that [his] version of the events is not wholly fanciful." Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) Finally, the evidence offered in opposition to summary judgment must be admissible in the event that a trial occurs. See Woodman v. WWOR-TV, Inc., 411 F.3d 69, 90 (2d Cir. 2005) (affirming the district court's award of summary judgment in favor of defendants "[b]ecause plaintiff failed to adduce admissible evidence raising a triable issue of fact").

In addition to these general rules with regard to summary judgment, Eastern District of New York Local Rule 56.1(b) requires that:

> The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.

Furthermore, Local Rule 56.1(d) states that:

> Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e).

In this case, Defendants have submitted evidence purporting to negate Plaintiff's claims and purporting to identify "evidentiary insufficiency" in Plaintiff's case; thus, Defendants have carried their initial burden as movants. Salahuddin, 467 F.3d at 272-73. In addition, the record indicates that Defendants have satisfied their duty pursuant to Local Rule 56.2 to provide Plaintiff with notice of his summary judgment obligations. (See Docket Entry #23 at 14-15.)

As is clear from the above-mentioned submissions, however, Plaintiff has failed to comply satisfactorily with the requirements of Fed. R. Civ. P. 56(e) and wholly failed to comply with Local Rule 56.1(b) and (d). As noted above, despite his status as a *pro se* litigant, Plaintiff is required to abide by these summary judgment requirements. Furthermore, as a practical matter, Plaintiff's failure to follow the rules on summary judgment have rendered it impracticable for the court to determine whether his claims should survive summary judgment on the merits. Given Plaintiff's *pro se* status, however, rather than grant summary judgment in favor of Defendants on this ground, the court will allow him an opportunity to remedy the shortcomings of his filings under the rules cited above. The court's decision to do so should not be construed as expressing an opinion on the merits of Plaintiff's claims.

## II. Conclusion

Accordingly, the court grants Plaintiff sixty (60) days to resubmit in proper form under Fed. R. Civ. P. 56(e), Local Rule 56.1(b) and (d) his opposition to Defendants' motions for summary judgment. Consideration of Defendants' motions for summary judgment is hereby stayed until such time as Plaintiff resubmits his papers or sixty days has elapsed, whichever comes first. Plaintiff's submissions shall be filed by Tuesday, March 30, 2008. Failure to do so will result in the court deciding Defendants' motions without the benefit of a response from Plaintiff.

SO ORDERED.

Dated: January 30, 2008  
Brooklyn, N.Y.

_____  
NICHOLAS G. GARAUFIS  
United States District Judge