UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

PERCY T. McAFEE, III,

                Plaintiff,

  -against-                                  MEMORANDUM & ORDER
                                                 06-CV-2925 (NGG) (LB)

LAW FIRM OF FORSTER & GARBUS,
EDWARD J. DAMSKY, ESQ.,
ROBERT MEYERSON, ESQ.,
and JACQUES NAZAIRE, ESQ.,

                Defendants.
----------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

      Defendants have submitted motions for summary judgment in this debt collection action. For the reasons that follow, their motions are granted.

**I.    Background**

      Plaintiff Percy T. McAfee, III ("Plaintiff" or "McAfee"), proceeding *pro se*, brings this action under the Fair Debt Collection Practices Act ("FDCPA"), pursuant to 15 U.S.C. § 1692e, against Defendants Law Firm of Forster & Garbus ("Law Firm" or "Forster & Garbus"), and three attorneys currently or formerly employed by Forster & Garbus, Edward J. Damsky ("Damsky"), Robert A. Meyerson ("Meyerson"), and Jacques Nazaire ("Nazaire") (collectively "Individual Defendants"). Defendant Law Firm and the Individual Defendants represented Citibank, a non-party to this action,[1] in a 2004 New York State court debt collection action

---

[1] After Defendants' motions for summary judgment had been filed, Plaintiff sought leave to amend his Complaint to add Citibank as an additional defendant for violating the Fair Credit Reporting Act. (Docket Entry #15.) By Order dated January 29, 2007, Magistrate Judge Lois Bloom denied Plaintiff's motion to amend, holding that Plaintiff was clearly aware at the time of

1

against Plaintiff. In the instant action, Plaintiff alleges that Defendants violated the FDCPA by (1) failing to respond to interrogatories in the state-court action, (2) submitting a request for a preliminary hearing to Plaintiff without submitting it to the state court, and (3) for filing a Request for Judicial Intervention ("RJI") with inaccurate statements, namely for stating that "there have been no related actions or proceedings." (Complaint ¶ 34.)

## II. Failure to Comply With Local Rules

Presented with two motions for summary judgment against Plaintiff, by Memorandum & Order dated January 30, 2008 (January 30, 2008 M&O), the court *sua sponte* granted Plaintiff sixty days leave to correct infirmities in his filings in opposition to Defendants' motions for summary judgment. In support of his opposition, Plaintiff had submitted two separate affirmations that were virtually identical. (Docket Entries #25 & #28.) In his original affirmations, Plaintiff referenced certain exhibits but in many instances went on for pages without citing to a single exhibit or piece of evidence. The court's Order stated that:

> Plaintiff has failed to comply satisfactorily with the requirements of Fed. R. Civ. P. 56(e) and wholly failed to comply with Local Rule 56.1(b) and (d). . . . [D]espite his status as a *pro se* litigant, Plaintiff is required to abide by these summary judgment requirements. Furthermore, as a practical matter, Plaintiff's failure to follow the rules on summary judgment have rendered it impracticable for the court to determine whether his claims should survive summary judgment on the merits. Given Plaintiff's *pro se* status, however, rather than grant summary judgment in favor of Defendants on this ground, the court will allow him an opportunity to remedy the shortcomings of his filings under the rules cited above. The court's decision to do so should not be construed as expressing an opinion on the merits of Plaintiff's claims.

---

filing the Complaint that Citibank was the creditor who retained Defendant Law Firm to collect its debt against Plaintiff, that Plaintiff's proposed Amended Complaint would not withstand a motion to dismiss, and "allowing the amendment to add a new defendant plaintiff knew about all along would cause undue delay and prejudice to defendants." (Docket Entry #22.)

2

(January 30, 2008 M&O at 4.)

By Memorandum of Law and Affidavit dated March 29, 2008, Plaintiff appears to have attempted to comply with the court's Order. However, Plaintiff's opposition again fails to meet the requirements of Local Rule 56.1 and Fed. R. Civ. P. 56(e). (Docket Entry # 31.) The first seven pages, which review Plaintiff's rendition of the undisputed facts of the case, again fail to cite to any admissible evidence. (E.g., Plaintiff's Memorandum and Affidavit in Support of Opposition to All Defendants['] Motions for Summary Judgment ¶ 3g ("The opportunity to have a voice in court and raise the issues discussed above disappeared. How did this happen? Because FORSTER & GARBUS SUBMITTED FALSE AND MISLEADING DOCUMENTS, DOCUMENTS THAT SIMULATED LEGAL PROCESS TO A CONSUMER, IN VIOLATION OF THE FDCPA."), ¶ 6 ("F&G failed to respond. That is not an act of openness. On the contrary[,] it is the opposite. It is meant to conceal, to hide[], to bamboozle.").)

Similarly, Plaintiff's Memorandum of Law is two-and-a-quarter pages long and, in substantial measure, simply lists legal citations without any argument. The remainder of Plaintiff's opposition reads like an answer to a complaint but fails to cite any admissible evidence. (E.g., Plaintiff's Response to Defendant Robert A. Meyerson's Motion for Summary Judgment ¶ 13 ("That's reasonably accurate, per se. One has to ask, if Mr. McAfee defaulted, as Mr. Meyerson claims, then why didn't F&G simply file for default judgment and avoid having to file a 'new' action in a different court."), ¶ 55 ("Any violation of Federal [l]aw is a crime, per se. Like cheating on one's taxes. It's still a crime none the less [sic].").)

In this court's previous Order, the court explicitly reminded Plaintiff that, at the summary judgment stage, where, as here, the nonmovant bears the burden of proof at trial, "(1) the movant may point to evidence that negates its opponent's claims or (2) the movant may identify those

portions of its opponent's evidence that demonstrate the absence of a genuine issue of material fact, a tactic that requires identifying evidentiary insufficiency and not simply denying the opponent's pleadings." Salahuddin v. Goord, 467 F.3d 263, 272-73 (2d Cir. 2006) (citations omitted). Here, Defendants have submitted evidence purporting to negate Plaintiff's claims and purporting to identify "evidentiary insufficiency" in Plaintiff's case; thus, Defendants have carried their initial burden as movants. Salahuddin, 467 F.3d at 272-73. In addition, the record indicates that Defendants have satisfied their duty pursuant to Local Rule 56.2 to provide Plaintiff with notice of his summary judgment obligations. (See Docket Entry #23 at 14-15.) Thus, the burden has shifted back to Plaintiff to "record evidence creating a genuine issue of material fact," id. at 273 (citing Fed. R. Civ. P. 56(e)), and Plaintiff as the non-movant "cannot rest on allegations in the pleadings and must point to specific evidence in the record to carry its burden on summary judgment," id.

Even construing Plaintiff's *pro se* submissions liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (*pro se* pleadings held "to less stringent standards than formal pleadings drafted by lawyers"), Plaintiff must nevertheless abide by these evidentiary requirements in order to withstand summary judgment, which means he "must offer some hard evidence showing that [his] version of the events is not wholly fanciful." Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005). Finally, the evidence offered in opposition to summary judgment must be admissible in the event that a trial occurs. See Woodman v. WWOR-TV, Inc., 411 F.3d 69, 90 (2d Cir. 2005) (affirming the district court's award of summary judgment in favor of defendants "[b]ecause plaintiff failed to adduce admissible evidence raising a triable issue of fact").

Plaintiff has been duly warned about his obligations on summary judgment and has failed to fulfill them, even after having been given an opportunity to cure the defects in his prior opposition papers. Based on Plaintiff's failure to comply with Rule 56.1, the court deems the facts asserted in Defendants' Rule 56.1 statement admitted. Pierre-Antoine v. City of New York, No. 04-Civ-6987 (GEL), 2006 WL 1292076, at *3 (S.D.N.Y. May 9, 2006) (deeming facts in defendants' Rule 56.1 statement as admitted by *pro se* plaintiff, where plaintiff was provided notice of failing to properly respond to summary judgment motion under Local Civil Rule 56.2). Nevertheless, given Plaintiff's *pro se* status, the court has in its discretion searched the record in resolving the instant motion in an effort to determine whether triable issues of material fact exist. See, e.g., Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001) (holding that a district court has broad discretion in determining whether to overlook a party's failure to comply with local court rules); Pugni v. Reader's Digest Ass'n, Inc., No. 05-Civ-8026 (CM), 2007 WL 1087183 (S.D.N.Y. April 9, 2007) (holding that a court "is not required to consider what the parties fail to point out" in their Local Rule 56.1 statements) (citing Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 292 (2d Cir. 2000); Melendez v. DeVry, Slip Op., 03-Civ-1029 (NGG) (LB), at 3 (E.D.N.Y. Nov. 29, 2005) (finding, in light of Plaintiff's *pro se* status, Plaintiff's opposition sufficient to warrant the court's searching of the record to find disputed facts).

Based upon the court's independent review of the record, no triable issues of material fact exist, as explained in further detail below. Therefore, the court takes the facts cited in Defendants' Rule 56.1 statements as the operative, undisputed facts for purposes of resolving these summary judgment motions. See Pierre-Antoine, 2006 WL 1292076, at *3; Gilliam v. Trustees of Sheet Metal Workers' Nat'l Pension Fund, No. 03-Civ-7421 (KMK), 2005 WL

1026330, at *1 n. 2 (S.D.N.Y. May 3, 2005) (deeming defendants' factual assertions admitted where *pro se* plaintiff was provided with notice under Local Civil Rule 56.2 and where plaintiff did not submit evidence controverting those factual assertions).

### III.   Undisputed Facts

The following relevant facts are deemed undisputed:  Citibank retained Defendant Forster & Garbus to pursue an action for breach of contract by Plaintiff.  (Defendants Forster & Garbus, Damsky, and Nazaire's Statement of Facts Pursuant to Rule 56.1 in Support of Defendants' Motion for Summary Judgment ("Def. 56.1") ¶ 2.)  Citibank, represented by Forster & Garbus, commenced a civil action against Plaintiff in the Suffolk County Second District Court on May 22, 2004.  (Id. ¶ 3.)  After Plaintiff alleged that he did not reside in the district wherein the action was commenced and made a motion to dismiss, Citibank consented to the dismissal, and the case was dismissed without prejudice on September 20, 2004.  (Id. ¶ 4.)  Thereafter, on October 6, 2004, Citibank commenced a new action against Plaintiff in another court, the New York State Supreme Court, Suffolk County.  (Id. ¶ 5.)

Plaintiff demanded interrogatories from Citibank (id. ¶ 6), but the attorneys at Forster & Garbus, who believed that interrogatories were improper, filed requests for judicial intervention ("RJI") and for a preliminary conference to have the court set a discovery schedule (id. ¶ 7). After Plaintiff opposed the request for a preliminary conference, Citibank moved for summary judgment.  (Id. ¶¶ 8-9.)

Plaintiff then commenced the instant civil action against Citibank's attorneys.  (Id. ¶ 11.) On June 30, 2006, Defendants filed an Answer, including an affirmative defense that Plaintiff has failed to state a claim upon which relief can be granted.  (Id. ¶ 12.)

6

## IV. Discussion

The Second Circuit has been clear that, to defeat a motion for summary judgment, a non-movant must present more than a scintilla of evidence. Delaware v. Hudson Ry. Co. v. Consolidated Rail Corp., 902 F.2d 174, 178 (2d Cir. 1990). For the reasons explained more fully below, the court finds that there are no genuine issues of fact in existence, and, construing all facts, inferences, and ambiguities in favor of Plaintiff, summary judgment for Defendants is appropriate because "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Mack v. Otis Elevator Co., 326 F.3d 116, 119-20 (2d Cir. 2003) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "[M]ere conclusory allegations . . . are not evidence and cannot by themselves create a genuine issue of material fact." Fletcher v. Atex, Inc., 68 F.3d 1451, 1456 (2d Cir. 1995); Lama v. Consolidated Edison, 242 F.3d 366 (2d Cir. 2000) ("[B]ecause [ pro se plaintiff's] claims of disability discrimination were wholly conclusory, summary judgment was properly granted in the district court.") (citing Fletcher, 68 F.3d at 1456). Plaintiff's claims are unsupported, and indeed even contradicted by the record, and Defendants are entitled to judgment as a matter of law.

### A. FCDPA

The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights." DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001). The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e); see also Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2002) ("The FDCPA was

passed to protect consumers from deceptive or harassing actions taken by debt collectors.") The Act's legislative history reveals that the need for the law "arose because of collection abuses such as use of 'obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process.' " Kropelnicki, 290 F.3d at 127 (quoting S. Rep. No. 95-382, at 2 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696). The Act tries to prevent and punish debt collection practices that are "unfair, deceptive, or harassing." Id.

Under the FDCPA, the court must interpret the communication from a debt collector as the "least sophisticated consumer" would interpret it. See Clomon v. Jackson, 988 F.2d 1314, 1319-20 (2d Cir. 1993). "This objective standard is designed to protect all consumers, the gullible as well as the shrewd, while at the same time protecting debt collectors from liability for bizarre or idiosyncratic interpretations of collection notices." Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 236 (2d Cir. 1998) (quotations and citation omitted). In applying this objective standard, a court is required to determine, for example, whether the collection letter is "overshadowing or contradictory," or whether it "can be reasonably read to have two or more different meanings, one of which is inaccurate." Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996).

    **B.**    **McAfee's Claims**

McAfee alleges numerous violations of the FCDPA, pursuant to 15 U.S.C. § 1692e. As noted above, he alleges that Defendants violated the FDCPA by (1) failing to respond to interrogatories in the state-court action, (2) submitting a request for a preliminary hearing to

Plaintiff without submitting it to the state court, and (3) for filing a Request for Judicial Intervention ("RJI") with inaccurate statements, namely for stating that "there have been no related actions or proceedings." (Complaint ¶ 34.)

Plaintiff has submitted no evidence in admissible form that shows that Defendants misled or intended to mislead Plaintiff in violation of the FDCPA, let alone that Defendants were even engaged in an effort to collect a debt from him. Indeed, all of Plaintiff's claims relate solely to Defendants' alleged improprieties in prosecuting a court action against him in state court and his criticisms of the state-court system. Section 1692e(3) prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." Under 15 U.S.C. § 1692(e), attorneys' actions are misleading only in those situations in which there is affirmative misrepresentation. See, e.g., Pujol v. Universal Fidelity Corp., No. 03 CV 5524 (JG), 2004 WL 1278163 (E.D.N.Y. June 9, 2004) (citing Clomon v. Jackson, 988 F.2d 1314 (2d Cir. 1993)). Plaintiff has not alleged any such affirmative misrepresentation, nor has he produced any admissible evidence tending to establish misrepresentation.

Indeed, Plaintiff has not put forth any admissible evidence at all that is actionable under the FDCPA to support any of his claims. For that reasons, it is clear that Plaintiff has no viable cause of action, and summary judgment is therefore granted to Defendants.

## V. Conclusion

For the reasons described above, Defendants' motions for summary judgment are granted. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: August 18, 2008                          /s Nicholas G. Garaufis
       Brooklyn, New York               NICHOLAS G. GARAUFIS
                                          United States District Judge